## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Ronnie Jerome Jackson, III, | Civ. No. 16-3831 (JRT/BRT) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Jeff Gutzmer; Natalie Liesman; Michelle Smith; and Tammy Wherley, in their individual capacities, | |
| Defendants. | |

Plaintiff Ronnie Jerome Jackson, III, a Minnesota prisoner, alleges that the defendants to this action denied him access to pictures sent to him through the mail on the grounds—wrongful, in his view—that the pictures were pornographic. By separate order, this Court has granted Jackson's application to proceed *in forma pauperis* and has directed defendants to file an answer or other pleading responsive to the complaint.

Along with his complaint, Jackson has also filed a motion for a preliminary injunction requesting that Defendant Jeff Gutzmer be denied contact with him; Jackson believes that the denial of pictures was effectuated due to retaliation by Gutzmer on account of previous litigation filed by Jackson, and he fears that Gutzmer will further retaliate against him due to *this* lawsuit.

In considering a motion for a preliminary injunction,

> [D]istrict courts are instructed to consider what have come to be known as the *Dataphase* factors:

>(1) The probability of success on the merits;
>
>(2) The threat of irreparable harm to the movant;
>
>(3) The balance between this harm and the injury that granting the injunction will inflict on other interested parties; and
>
>(4) Whether the issuance of an injunction is in the public interest.

*United Industries Corp. v. Clorox Co.*, 140 F.3d 1175, 1178-79 (8th Cir. 1998) (citing *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc).

At this early stage in the proceedings, the first *Dataphase* factor—the probability of success on the merits—weighs neither for nor against Jackson. This Court has granted Jackson's IFP application and permitted the case to proceed, but in doing so, this Court has assumed the allegations in Jackson's complaint to be true and has drawn all reasonable inferences in Jackson's favor. No evidence in support of Jackson's allegations was submitted to the Court in conjunction with the motion for a preliminary injunction, and Jackson's allegations, taken alone, do not amount to evidence in support of his claims for relief. Accordingly, this Court cannot know with any degree of confidence what Jackson's probability of success may be in this matter.

The remaining *Dataphase* factors, however, weigh decisively against granting a preliminary injunction. Jackson's complaints of future retaliation by Gutzmer are entirely speculative and unsupported by evidence (again, the allegations of retaliation found in the complaint are not themselves evidence of retaliation.) Even assuming that any such future retaliation by Gutzmer would be irreparable—a big assumption, as Jackson could likely

initiate a lawsuit seeking relief for the retaliation, as he has done here—the threat of this irreparable harm alleged by Jackson is too remote to support a motion for preliminary injunctive relief. *See Goff*, 60 F.3d at 521. This alone is a basis for denying Jackson's motion. *Id.*

Balanced against the speculative risk of retaliation alleged by Jackson is the *certain* risk of interference with day-to-day administration that the preliminary injunction he seeks would pose to defendants (and the Minnesota Department of Corrections more generally) should this Court order Jackson's transfer to a different facility or otherwise forbid Gutzmer from having contact with Jackson. "[I]n the prison context, a request for injunctive relief must always be viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.'" *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995) (quoting *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982)).

In short, the likelihood that Jackson will succeed in this action is currently unknowable, while the balance of harms posed by the preliminary injunction he seeks would fall primarily upon defendants and the State of Minnesota prison administration more generally. Accordingly, this Court recommends that Jackson's motion for a preliminary injunction be denied without prejudice.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT** the motion for a preliminary injunction of Plaintiff Ronnie Jerome Jackson, III (Doc. No. 3) be **DENIED WITHOUT PREJUDICE**.

Dated: February 6, 2017

*s/ Becky R. Thorson*
BECKY R. THORSON
United States Magistrate Judge

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:**  This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.