# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Ronnie Jerome Jackson, III,

                    Plaintiff,

v.

Jeff Gutzmer; Natalie Leseman; Michelle
Smith; and Tammy Wherley, in their
individual capacities,

                    Defendants.

Civ. No. 16-3831 (JRT/BRT)

Ronnie Jerome Jackson, III,

                    Plaintiff,

v.

Jeff Gutzmer and Natalie Leseman, in their
individual capacities; Michelle Smith and
Tammy Wherley, jointly and severally in
their individual capacities; and Tom Roy,
in his official capacity,

                    Defendants.

Civ. No. 16-4393 (JRT/BRT)

**REPORT AND RECOMMENDATION**

In both of the above-captioned actions, *pro se* Plaintiff Ronnie Jerome Jackson, III

alleges that prison officials violated his First Amendment rights by denying access to

materials containing nudity that were sent to him in the mail. (Case No. 16-3831, Doc.

No. 1-1; Case No. 16-4393, Doc. No. 1.) On February 7, 2017, this Court ordered the

parties to show cause why these two actions should not be consolidated. (Case No. 16-

4393, Doc. No. 3, February 7, 2017 Order 6.) Defendants agree that the cases should be

consolidated. (Case No. 16-3831, Doc. No. 26; Case No. 16-4393, Doc. No. 16.) Plaintiff

opposes consolidation. (Case No. 16-4393, Doc. No. 7.) For the reasons stated below, this

Court recommends that the cases be consolidated pursuant to Federal Rule of Civil

Procedure 42.

> Rule 42 provides as follows:

>> **(a) Consolidation.** If actions before the court involve a common question of law or fact, the court may:

>>> **(1)** join for hearing or trial any or all matters at issue in the actions;

>>> **(2)** consolidate the actions; or

>>> **(3)** issue any other orders to avoid unnecessary cost or delay.

>> **(b) Separate Trials.** For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counter-claims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

The decision to consolidate is "entrusted to the sound discretion of the Court." *Chill v.*

*Green Tree Fin. Corp.*, 181 F.R.D. 398, 405 (D. Minn. 1998) (citing *Enterprise Bank v.*

*Saettele*, 21 F.3d 233, 235 (8th Cir. 1994)). "As Rule 42(a) makes clear, a common issue

of fact or law is a prerequisite to consolidation." *Id.* (citing *In re Be-Mac Transport Co.*,

83 F.3d 1020, 1027 (8th Cir. 1996); *Saettele*, 21 F.3d at 236). Courts also consider:

> [W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to

2

conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Chill*, 181 F.R.D. at 405 (citing *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993)). Since the ultimate purpose of consolidation is to avoid unnecessary cost and delay, consolidation is inappropriate if it would lead to "inefficiency, inconvenience, or unfair prejudice to a party." *EEOC v. HBE Corp.*, 135 F.3d 543, 550, 551 (8th Cir. 1998).

As this Court previously recognized, Jackson's second action, Case No. 16-4393, "bears many similarities" with his first action, Case No. 16-3831. (Case No. 16-4393, February 7 Order 4.) "Although the claim raised by Jackson in [Case No. 16-4393] does not appear to have arisen from the same occurrence or series of occurrences as the claims raised in the previous action, the claims are conceptually similar—in each case, Jackson alleges that mail was wrongfully withheld from him—and four of the five defendants to this action are also named in the earlier action." (*Id.*) In other words, these lawsuits present identical legal issues—whether Jackson's constitutional rights were violated when prison officials refused access to his mail. Many factual issues will also be the same. For example, the standards employed by prison officials to screen and process mail sent to prisoners will be at issue in both cases. Consolidation would avoid unnecessary cost and delay since the claims can be addressed all in one proceeding, either at summary judgment or eventually at trial. Accordingly, these cases can and should be consolidated.

Plaintiff objects to consolidation on the grounds that the "merits of each case as well as the claims for relief are separate and distinct." (Case No. 16-4393, Doc. No. 7 at 1.) Plaintiff also argues that "[d]amages against each of the defendants are distinct in both

3

cases as damages were mitigated based on the amount of times each defendant committed a constitutional violation and/or allowed an unconstitutional practice to continue under their area of supervision." (*Id.* at 2.) These concerns do not preclude consolidation. Plaintiff can receive all the relief that he seeks in a consolidated action.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Case Nos. 16-3831 and 16-4393 be **CONSOLIDATED**.

Dated: May 8, 2017                              *s/ Becky R. Thorson*_____
                                                BECKY R. THORSON
                                                United States Magistrate Judge

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:**  This Report and Recommendation will be considered under advisement 14 days from the date of its filing.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.