UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| RONNIE JEROME JACKSON, III,<br><br>Plaintiff,<br><br>v.<br><br>JEFF GUTZMER, NATALIE LESEMAN, MICHELLE SMITH, and TAMMY WHERLEY, *in their individual capacities*,<br><br>Defendants. | Civil No. 16-3831 (JRT/BRT)<br><br><br>**MEMORANDUM OPINION AND ORDER ADOPTING REPORTS AND RECOMMENDATIONS OF THE MAGISTRATE JUDGE** |
| RONNIE J. JACKSON,<br><br>Plaintiff,<br><br>v.<br><br>JEFF GUTZMER and NATALIE LESEMAN, *in their individual capacities*; and MICHELLE SMITH AND TAMMY WHERLEY, *jointly and severally in their individual capacities*; and TOM ROY, *in his official capacity*<br><br>Defendants. | Civil No. 16-4393 (JRT/BRT) |
| RONNIE JEROME JACKSON, III,<br><br>Plaintiff,<br>v.<br>MICHELLE SMITH and TAMMY WHERLEY, *in their individual capacities;* and TOM ROY, *in his official capacity*,<br><br>Defendants. | Civil No. 17-1109 (JRT/BRT) |

Ronnie Jerome Jackson, III, No. 239471, MCF-Oak Park Heights, 5329 Osgood Avenue North, Stillwater, MN 55082, *pro se*.

Lindsay LaVoie, Assistant Attorney General, **MINNESOTA ATTORNEY GENERAL'S OFFICE**, 445 Minnesota Street, Suite 1800, St. Paul, MN 55101, for defendants.

Plaintiff Ronnie Jackson, a Minnesota prisoner, filed his first complaint alleging certain Defendants deprived him of due process and his First Amendment rights. Jackson's claims related to: Defendants withholding images from his mail on the grounds, which Jackson disputes, that the images contained impermissible nudity; and Defendants' failure to respond to Jackson's non-delivery of mail appeal request. Jackson filed a motion for a preliminary injunction to enjoin Defendant Jeff Gutzmer from contacting Jackson, asserting Gutzmer denied Jackson mail as retaliation for pending litigation against Gutzmer.[1] Jackson then filed a second complaint alleging certain Defendants wrongfully withheld an art catalog from his mail. Jackson subsequently filed a third complaint alleging certain Defendants wrongfully withheld a book on nude photography from his mail. United States Magistrate Judge Becky R. Thorson issued two Report and Recommendations ("R&R") recommending the Court deny Jackson's motion for a preliminary injunction and consolidate the first and second cases. Jackson filed timely objections. For the reasons set forth in detail below, the Court will overrule

---

[1] On August 10, 2017, the Eighth Circuit directed the Court to enter summary judgment and dismiss Jackson's excessive force claim against Gutzmer. *See Jackson v. Gutzmer*, No. 16-2184, slip op. at 13 (8th Cir. Aug. 10, 2017).

Jackson's objections and adopt the R&Rs. The Court will also consolidate the third case and deem any future claim of wrongfully withheld mail filed by Jackson a related and consolidated case.

## BACKGROUND

Jackson filed a Complaint on November 4, 2016 claiming certain Defendants deprived him of due process and his First Amendment rights by withholding images from his mail and failing to respond to his appeal of non-delivery ("Case 1"). (*Case 1* Compl., Attach. 1 ¶¶ 9-11, Nov 4, 2016, Docket No. 1.)[2] In Case 1, Jackson asserts Defendants confiscated his images to retaliate against him for pending litigation against Gutzmer. (*Id.* ¶¶ 9, 24.) Jackson also moved for a preliminary injunction in Case 1 to prevent Gutzmer from contacting him. (*Case 1* Mot. for Prelim. Inj. at 1-2, Nov. 4, 2016, Docket No. 3.) Jackson alleges that, absent an injunction, Gutzmer will continue to violate his constitutional rights creating further litigation between the parties. (*Case 1* Pl.'s Mem. in Supp. of Mot. for Prelim. Inj. at 1, Nov. 4, 2016, Docket No. 4.) Defendants claim they properly withheld the images, but admit they did not respond to Jackson's appeal for non-delivery of mail. (*Case 1* Answer ¶¶ 15, 20, May 1, 2017, Docket No. 26.) The magistrate judge issued an R&R with respect to Case 1 on February 6, 2017, recommending the Court deny Jackson's motion for a preliminary injunction. (*Case 1* R&R at 4, Feb. 6 2017, Docket No. 8.) The magistrate judge reasoned that Jackson failed

---

[2] Citations referencing "*Case 1*" denote the docket for Case No. 16-3831. Citations referencing "*Case 2*" denote the docket for Case No. 16-4393. Citations referencing "*Case 3*" denote the docket for Case No. 17-1109.

3

to show the absence of a preliminary injunction would cause Jackson irreparable harm. (*Id.*)

Jackson filed a second Complaint on December 29, 2016, alleging certain Defendants deprived him of due process and his First Amendment rights by withholding a catalog from his mail because it contained nudity ("Case 2"). (*Case 2* Compl. at 6, Dec. 29, 2016, Docket No. 1.) In Case 2, Jackson asserts that, because he received the catalog for educational purposes, the Department of Corrections wrongfully withheld the catalog and violated his Constitutional rights. (*Id.*) On February 7, 2017, the magistrate judge found Case 2 was factually and legally similar to Case 1 and ordered the parties to show cause why the cases should not be consolidated. (*Case 2* Order Granting Appl. to Proceed in District Ct. Without Prepaying Fees or Costs at 4, Feb. 7, 2017, Docket No. 3.) Jackson objected, arguing the cases should not be consolidated because the cases involve separate events and seek different remedies. (*Case 2* Mem. in Opp'n. to Consolidation ¶¶ 1-2, Feb. 16, 2017, Docket No. 7.) The magistrate judge issued an R&R recommending the Court consolidate the cases. (*Case 2* R&R at 4, May 18, 2017, Docket No. 17.) The R&R reasoned that the Court has broad discretion to consolidate cases sharing common issues of law or fact under Fed. R. Civ. P. 42 and that Jackson's concerns did not preclude consolidation. (*Id.* at 2-4.)

Jackson filed a third Complaint on April 10, 2017, alleging certain Defendants violated his First and Eighth Amendment rights by wrongfully withholding a book about nude photography from his mail ("Case 3"). (*Case 3* Compl. ¶¶ 10, 22, 26, Apr. 10,

2017, Docket No. 1.) Jackson alleges certain Defendants withheld the book in retaliation for his pending litigation against certain Defendants. (*Id.*)

## DISCUSSION

### I. STANDARD OF REVIEW

Upon the filing of an R&R by a magistrate judge, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b)(1). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3).

### II. PRELIMINARY INJUNCTION

Jackson first objects to the magistrate judge's recommendation that the Court deny his motion for a preliminary injunction in Case 1. To decide whether the magistrate judge properly denied the motion for a preliminary injunction, the Court considers four factors: "(1) the threat of irreparable harm to the movant; (2) the . . . balance between this harm and the injury that granting the injunction will inflict on [the other party]; (3) the probability that the movant will succeed on the merits; and (4) the public interest." *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981).

As highlighted by the magistrate judge, Jackson's failure to present evidence regarding a threat of irreparable harm is sufficient to deny Jackson's motion for a preliminary injunction. Irreparable harm is harm that is "'certain and great and of such imminence that there is a clear and present need for equitable relief.'" *Roudachevski v. All-Am. Care Ctrs., Inc.*, 648 F.3d 701, 706 (8th Cir. 2011) (quoting *Iowa Utils. Bd. v. FCC,* 109 F.3d 418, 425 (8th Cir. 1996)). Speculative harm or the mere possibility of harm is insufficient to warrant preliminary injunctive relief. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (noting that "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with [the Court's] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief").

Here, Jackson does not adequately show a clear and present need for equitable relief. To begin, Jackson did not present any evidence, outside the allegations in the Complaint, to support the contention that Gutzmer would retaliate against Jackson for filing Case 1. Thus, at this stage, Jackson's allegations amount to a possibility of harm; this is insufficient to warrant a preliminary injunction. Further, Jackson's own conduct shows the alleged harm is not irreparable. Should Gutzmer improperly retaliate against Jackson, Jackson could simply file another lawsuit – as Jackson did in Case 1. *Blue Stone Physician Servs., P.A. v. Moericke*, No. 17-340, 2017 WL 570709, at *2 (D. Minn. Feb. 13, 2017) (holding that potential or speculative harm that a party could remedy in a future lawsuit was insufficient to establish irreparable harm for purposes of a preliminary injunction).

For these reasons, Jackson failed to show a threat of irreparable harm and the Court will adopt the R&R. *Carlson v. City of Duluth*, 958 F. Supp. 2d 1040, 1058 (D. Minn. 2013) ("[T]he failure to show irreparable harm suffices to deny the motion.")

**III.     CONSOLIDATION**[3]

Jackson also filed timely objections to the magistrate judge's recommendation that the Court should consolidate Case 1 and Case 2. Jackson asserts that, because the two cases involve distinct factual matters, legal issues, and remedies, the Court should not consolidate the cases. Under Rule 42, "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). "Rule 42 requires only that 'there be a common question of law or fact,' and consolidation is permissible 'even if the claims arise out of independent transactions.'" *Fratzke v. IC Sys., Inc.*, Nos. 05-1115, 06-232, 2007 WL 1114155, at *2 (D. Minn. Apr. 13, 2007) (quoting *Madison v. Hennepin Cty.*, No. 02-4756, 2003 WL 21639221 at *1 (D. Minn. July 1, 2003)). But "consolidation is not appropriate 'if it leads to inefficiency, inconvenience, or unfair prejudice to a party,' as the purpose of consolidation is to encourage convenience and economy of

---

[3] Jackson did not object to the magistrate judge's recommendation that the Court consolidate Case 1 and Case 2 as to Defendants Michelle Smith and Tammy Wherley. The Court will, therefore, adopt the recommendation of the magistrate judge with respect to the claims against Smith and Wherley.

7

administration of cases and avoid unnecessary cost or delay." *Id.* (citation omitted) (quoting *EEOC v. Von Maur, Inc.*, 237 F.R.D. 195, 197 (S.D. Iowa 2006)).

Here Case 1 and Case 2 share numerous common issues of fact and law. For instance, both cases involve Jackson's claim that his mail was wrongfully withheld by Defendants and four of the same five defendants. The cases likewise present similar factual issues, such as interpretation of prison policies and application of procedures involved in non-delivery of mail appeals. Jackson's objections are not strong enough to overcome the Court's interest in consolidation, and Jackson may obtain all relief sought from both cases in a consolidated action. For these reasons, the Court will overrule Jackson's objections and adopt the magistrate judge's recommendation to consolidate Case 1 and Case 2.

The Court further finds that Case 3 is a related case involving many of the same issues of law and fact as Case 1 and Case 2, described above. The Court will accordingly consolidate Case 3 with Case 1 and Case 2. *Bendzak v. Midland Nat'l Life Ins. Co.*, 240 F.R.D. 449, 450 (S.D. Iowa 2007) ("Whether to consolidate actions . . . is vested in the court's discretion and the district court can consolidate actions sua sponte." (citations omitted)). The Court will further deem any future actions related to Jackson's claim of wrongfully withheld mail a related case.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Ronnie Jerome Jackson III's Objections to the Magistrate Judge's Report and Recommendation [Case No. 16-3831, Docket No. 10] are **OVERRULED** and the Magistrate Judge's Report and Recommendation [Case No. 16-3831, Docket No. 8] is **ADOPTED**. Accordingly, Ronnie Jerome Jackson III's motion for a preliminary injunction [Case No. 16-3831, Docket No. 3] is **DENIED**.

2. Ronnie Jerome Jackson III's Objections to the Magistrate Judge's Report and Recommendation [Case No. 16-3831, Docket No. 28; Case No. 16-4393, Docket No. 18] are **OVERRULED** and the Magistrate Judge's Reports and Recommendation [Case No. 16-3831, Docket No. 27; Case No. 16-4393, Docket No. 17] are **ADOPTED**. Accordingly, Case No. 16-3831 is consolidated with Case No. 16-4393.

3. The Court directs the Clerk's office to consolidate Case No. 17-1109 with Case Nos. 16-3831 and 16-4393.

4. The above cases are consolidated for all purposes including pretrial and trial proceedings before Chief Judge Tunheim and Magistrate Judge Thorson. The first case assigned in this litigation [Case No. 16-3831] will be the lead case. The Clerk is directed to add the parties and their attorneys to the docket of Case No. 16-3831. As of the date of this Order, all documents will be filed in Case No. 16-3831. The Clerk is directed to file the Complaints from Case No. 16-4393 and Case No. 17-1109 in Case No. 16-3831 and close Case No. 16-4393 and Case No. 17-1109.

DATED: September 19, 2017           _____s/John R. Tunheim_____
at Minneapolis, Minnesota.                JOHN R. TUNHEIM
                                                             Chief Judge
                                           United States District Court